JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COLEMAN ENVIRONMENTAL
ENGINEERING, INC.,

               Plaintiff,

     v.

PAYROLL VAULT FRANCHISING,
LLC, et al.,

               Defendants.

Case No. 8:25-cv-01063-SRM-KES

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [30]**

Before the Court is Coleman Environmental Engineering's ("Plaintiff") Motion to Remand to Orange County Superior Court ("Motion"). Dkt. 30. Defendants Payroll Vault, Payroll Vault Franchising, LLC, Tricia Petteys, Premier Small Business Services, Inc., Michelle Abel, and Finance ERC West, Inc. (collectively, "Defendants") oppose the Motion. Dkt 34. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** Plaintiff's Motion to Remand.

I.     BACKGROUND

Plaintiff is incorporated and has its principal place of business in California. Dkt. 14 at 2. In March 2023, Plaintiff evaluated whether it would qualify for Employee Retention Credit (ERC) refunds for its 2021 payroll. *Id.* Plaintiff contracted the services of Defendants, who advertised themselves as ERC refund experts. Dkt. 14 at 2. Payroll Vault,

-1-

Payroll Vault Franchising, Tricia Petteys, Premier Small Business Services, and Michelle Abel ("Franchise Defendants") advised Plaintiff on its ERC refund form and determined that Plaintiff would be eligible for a refund of over $6 million. Dkt. 14 at 8. Franchise Defendants then advised Plaintiff to execute a loan against the anticipated refund. *Id.* at 9. Franchise Defendants paid a referral fee to Finance ERC ("FERC"), who provided a loan to Plaintiff believing that it could repay the loan with the ERC refund. *Id.* at 10.

However, in late 2024, the IRS denied the requested refund from the returns filed on behalf of Plaintiff. Dkt. 14 at 10. Because Plaintiff did not receive a refund, it could not pay back the loan, which started accruing interest at a rate of above 40%. Dkt. 14. at 11.

On April 1, 2025, Plaintiff filed suit in Orange County Superior Court alleging eight causes of action against Franchise Defendants. Dkt. 30-3 at 2. On May 14, 2025, Defendants removed the matter to this Court claiming diversity jurisdiction. Dkt. 1. On May 30, 2025, Plaintiff filed their First Amended Complaint ("FAC"), adding FERC as a Defendant and twelve additional causes of action. Dkt. 14. On July 21, 2025, before any Defendants could respond to the FAC, Plaintiff filed this Motion to Remand. Dkt. 30.

Franchise Defendants and FERC separately filed their opposition to Plaintiff's Motion to Remand. Dkts. 34, 36. Franchise Defendants argue that remand is improper because Plaintiff will not be prejudiced if FERC, the non-diverse defendant, is added to the case. Dkt. 34. They argue that FERC is not a necessary party for just adjudication. *Id.* FERC opposes and argues that the forum selection clause, agreed upon during the execution of the loan, makes venue in federal court improper. Dkt. 36 at 12. FERC contends that joinder is improper because it would essentially amount to breach of contract. *Id.* at 14. The parties had contracted to litigate disputes in Florida state court. *Id.*

On August 13, 2025, Plaintiff filed two Replies, responding to each opposition, in support of the Motion to Remand. *See* Dkts. 39–40. Plaintiff argues that it would be improperly prejudiced without joinder, Dkt. 39 at 15, and that the forum selection clause is unenforceable as a matter of California public policy, Dkt. 40 at 12–16.

The Court notes that Plaintiff's Reply, Dkt. 40, fails to comply with this Court's Civil Standing Order, Dkt. 10 at 12. Although the Reply complies with the Local Rules, this Court's Standing Order controls. Dkt. 10 at 1 (stating "Read this Order carefully. It controls this case and differs in some respects from the Local Rules"). Plaintiff did not request leave to exceed the limitation, therefore, the Court declines to consider any arguments presented past page 15[1]. *See* Dkt. 40.

## II.    LEGAL STANDARD

A motion to remand is a challenge to the removal of a case from state to federal court. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). A civil action can be removed to federal court when it has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). One way subject matter jurisdiction can be asserted is through diversity. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000… and is between citizens of different states…" 28 U.S.C. § 1332(a).

There is a strong presumption against removal, and the removal statute is strictly construed. The defendant carries the burden to show that removal was proper, and any doubt as to the removal requires remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Moore-Thomas*, 553 F.3d at 1244.

## III.    DISCUSSION

Defendants oppose remanding the case back to state court and argue that Plaintiff improperly added Defendant FERC to destroy diversity. Dkts. 34, 36.

Motions to remand after a plaintiff added a nondiverse defendant are construed as requests for leave to join a nondiverse defendant. *See, e.g. Doyle v. Gen. Motors LLC*, Case No. 19-cv-10781-CJC-SSx, 2020 WL 915887, at *1 (C.D. Cal. Feb. 25, 2020); *Martinez v. FCA US LLC*, Case No. 2:19-cv-08097-SVW-E, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020). 28 U.S.C. section 1447(e) provides "if after removal the plaintiff seeks to join

---

[1] Page numbers refer to CM/ECF pagination.

additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." To determine whether the joinder of a nondiverse defendant is proper, the court may consider several nonexclusive factors:

> (1) whether joinder of the nondiverse party is needed for a just adjudication; (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denied joinder; (3) the timeliness of the joinder; (4) the purpose of the joinder; (5) the validity of the new claim against the nondiverse defendant; (6) the possibility that a party will suffer prejudice from joinder or nonjoinder of the nondiverse defendant; (7) the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action.

*Doyle*, 2020 WL 915887, at *2. Here, the Court considers all but the second factor.

**A.      Factor 1: Whether Joinder is Necessary for Just Adjudication**

The first factor considers whether FERC is necessary for adjudication of the claims against Franchise Defendants. *See Doyle*, 2020 WL 915887, at *2. Joinder, pursuant to 28 U.S.C. § 1447(e), falls under a less restrictive standard compared to Federal Rule of Civil Procedure 19. *See Dordoni v. FCA US LLC*, No. EDCV 20-1475-JGB-SHKx, 2020 WL 608132 at *3 (C.D. Cal. Oct. 15, 2020). Under Section 1447(e), joinder is necessary when it will avoid separate and redundant actions. *Id.* However, if the defendants are only tangentially related, or joinder would not preclude complete relief, then joinder is unnecessary. *Id.* (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000).

Franchise Defendants argue that FERC is not necessary to the adjudication of claims against them because Plaintiff and FERC have contracted to litigate the legality of the loan in Florida. *See* Dkt. 34 at 5. In addition, they argue that the action against them would not impede or otherwise impair FERC's ability to protect its interests or proceed against the other defendants. *Id.* Thus, they argue, there is no loss of adjudication by not joining FERC.

*See* Dkt. 34 at 5. Franchise Defendants assert that Plaintiff can get complete relief by separately pursuing the claims against it in this Court while simultaneously seeking complete relief from FERC in Florida state court. *Id.*

Plaintiff argues that joinder is necessary to obtain complete relief arising from the conduct by Franchise Defendants and FERC and they allege that "FERC conspired with and aided and abetted Franchise Defendants in their misconduct." *See* Dkt. 39 at 8. Additionally, Plaintiff asserts that FERC will be unable to protect its interest in avoiding redundant litigation, inconsistent relief, or sole responsibility for liabilities unless they are joined in the present action. *Id.* at 9.

The loan from which this matter arises was provided by FERC. Dkt. 14 at 9. Plaintiff suggests that FERC and Franchise Defendants work in tandem because they have a referral fee structure. *See id*. Franchise Defendants' business model is to prepare tax advice for small businesses, and each Defendant receives a fee for their services when a loan is taken out against the projected refund. *Id*. When a client executes a loan with FERC, based on Franchise Defendants' advice, FERC provides Franchise Defendants with a referral fee. *See id*. Had the business agreement between FERC and Franchise Defendants not existed, it is likely that Plaintiff would not have taken a loan out against a future IRS refund. For Plaintiff to receive complete relief, FERC must be joined as a party. Accordingly, the first factor weighs in favor of joinder.

**B.    Factor 3: Timeliness of Joinder**

The third factor considers whether there has been an unexplained delay in seeking joinder. *See Doyle*, 2020 WL 915887, at *2. Franchise Defendants argue Plaintiff chose to add FERC as a defendant only after it realized diversity jurisdiction could be destroyed. Dkt. 34 at 5–6. If joinder of a nondiverse defendant is untimely, it weighs against joinder. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999); *see also Reyes v. FCA US LLC*, Case No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286 at *5 (E.D. Cal. Dec. 8, 2020)

Defendants argue this factor weighs against joinder because Plaintiffs waited two months, from April 1, 2025, to May 30, 2025, to join FERC as a party. Dkt. 34 at 5–6. Plaintiff filed the FAC approximately two weeks after removal, and nearly two months after the original complaint was filed in state court. *See* Dkt. 14. Courts have found amendment timely in circumstances much longer than this one. *See, e.g., Lara v. Bandit Indus., Inc.*, Case No. 2:12-cv-02459, 2013 WL 1155523 at *3 (E.D. Cal. Mar. 19, 2013) (finding delay of five months after filing and three months after removal timely when no dispositive motions had been filed and discovery had not been completed); *Yang v. Swissport USA, Inc.*, Case No. C 09-03823, 2010 WL 2680800 at *4 (N.D. Cal. July 6, 2010) (finding delay of nine months tolerable where no dispositive motions had been filed). Franchise Defendants also do not assert that any prejudice will result from permitting this amendment. *See* Dkt. 34 at 5–6. Here, because the delay in joining FERC, the nondiverse defendant, was a period of two months and it falls below what has previously been deemed untimely, the Court finds the third factor weighs in favor of joinder.

## C.    Factors 4 and 5: Purpose of Joinder and Validity of Claims

The fourth and fifth factors consider whether joinder was solely to defeat federal jurisdiction and whether the claim against the new party seems valid, respectively. *See Doyle*, 2020 WL 915887, at *2.  An assessment of the strength of the claims against the non-diverse defendant points to the purpose of the joinder and whether it is solely to divest this Court of jurisdiction. *See Sabag v. FCA US, LLC,* No. 2:16-cv-06639-CAS-RAOx, 2016 WL 658114 at *6 (C.D. Cal. Nov. 7, 2016). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted). Under Section 1447(e), a claim is valid if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* at 549 (citing *Hunter*, 582 F.3d at 1046).

The Court considers factors 4 and 5 concurrently. Here, Franchise Defendants fail to satisfy the heavy burden associated with showing fraudulent joinder. First, Plaintiff alleges violations of California state financing law against FERC. *See* Dkt. 30-3. Thus, it is possible the Orange County Superior Court could find Plaintiff alleges a valid claim. Dkt. 14 at 23.

Next, Defendants recite the forum selection clause to conclude that Plaintiff cannot state a claim. Dkt. 36 at 12. However, this conclusory statement is insufficient to overcome their burden to prove that joinder of FERC is fraudulent. Because Franchise Defendants do not assert any facts or evidence to undermine Plaintiff's state cause of action, they fail to show that the claims against FERC are invalid. Accordingly, factors four and five weigh in favor of joinder.

**D.    Factors 6 and 8: Whether Joinder Will Cause Prejudice and Effect of an Amendment on the Court's Jurisdiction**

With regards to the sixth and eighth factors, Plaintiff argues it will be prejudiced if joinder is denied as they will be forced to pursue actions arising out of the same facts and legal theories. Dkt. 30 at 21. Defendants argue that this is not prejudicial, pointing to the forum selection clause. Dkt. 34 at 7. They argue Plaintiff cannot be prejudiced if it has to file suit in the forum where it contracted to file suit. *Id.* However, it does not appear that Defendants will suffer prejudice if the motion is granted, and this case is remanded; this case is still in its early stages. Alternatively, duplicative work and potentially inconsistent rulings for Plaintiff can be prejudicial. *See McDowell v. Ford Motor Co.,* Case No. SACV 16-01777-CJC(ASx), 2017 WL 252280, at *3 (C.D. Cal. Jan. 19, 2017). Joinder here would also promote judicial economy. Thus, these factors weigh in favor of joinder.

**E.    Factors 7 and 9: Relationship Between the New and Old Parties and New Party's Notice of Pending Action**

The seventh and ninth factors consider the closeness of the relationship between the new and old parties and the new party's notice of the pending action, respectively. *See Doyle*, 2020 WL 915887, at *2. However, failure to contest an issue raised in the opening

-7-

brief is considered waiver of that argument. *See Stichting Pensioenfonds ABP v. Countrywide Financial Corporation, et al.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011). Plaintiff alleges joinder is proper because (1) the parties have a relationship through the commercial fee agreement, (2) amendment would still raise only state law claims, and (3) FERC was personally served with the FAC. Defendants failed to oppose these arguments. *See* Dkts. 34, 36.

As to the seventh factor, Franchise Defendants and FERC fail to provide evidence that they do not have a relationship with each other. Taking the factual allegations as true, Plaintiff's contention that they have a relationship and provide each other with clients shows that they have a relationship. Dkt. 30 at 9. Therefore, the seventh factor weighs in favor of joinder.

Finally, the ninth factor weighs in favor of joinder because FERC has received notice of this action as they have filed an opposition to the Motion. *See* Dkt. 36.

## IV.   CONCLUSION

Accordingly, the Court finds eight of the nine factors weigh in favor of joinder. Coupled with the strong presumption against removal, the Court exercises its discretion to permit joinder of FERC. *See* 28 U.S.C. § 1447(e). Because joinder of FERC destroys this Court's jurisdiction over this action, Plaintiff's Motion to Remand is **GRANTED**. This case is **REMANDED** to Orange County Superior Court, Case No. 30-20-25-01471848-CU-PN-CJC. FERC's Motion to Dismiss, Dkt. 32, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 13, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-8-